IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ALAN WAGNER, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-19-0180 |
| ECONOMY RENT-A-CAR CORP., *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

This case arises from Plaintiff Alan Wagner's ("Plaintiff" or "Wagner") contention that Defendants Economy Rent-A-Car Corp. ("Economy Corp.") and Economy Rent-A-Car, Inc. ("Economy Inc.") (collectively, "Defendants") improperly classified him as an independent contractor and failed to pay commissions owed to him. Wagner's Amended Complaint brings four Counts, styled as follows: willful violations of the Internal Revenue Code, 26 U.S.C. § 7434 (Count 1); violations of the Maryland Wage Payment & Collections Act ("MWPCA"), Md. Code Ann., Labor & Empl. § 3-502 (Count 2); negligence—failure to pay commissions (Count 3); and breach of contract (Count 4). (ECF No. 16.) Defendants have filed Counterclaims for breach of contract (Count 1) and breach of the duty of loyalty (Count 2). (ECF No. 23.)

Now pending is the Defendants' Partial Motion to Dismiss (ECF No. 20), which seeks dismissal only of Count 1 and Count 3 of Plaintiff's Amended Complaint. The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md.

2018). For the reasons stated herein, Defendants' Partial Motion to Dismiss (ECF No. 20) is GRANTED. Count 1 (willful violations of 26 U.S.C. § 7434) is DISMISSED WITHOUT PREJUDICE and Count 3 (negligence—failure to pay commissions) is DISMISSED WITH PREJUDICE. Count 2 (violation of the MWPCA) and Count 4 (breach of contract) remain pending.

## BACKGROUND

In ruling on a motion to dismiss, the factual allegations in the plaintiff's complaint must be accepted as true and those facts must be construed in the light most favorable to the plaintiff. *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (citing *SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 422 (4th Cir. 2015)). In November 2013, Wagner and Defendants entered into an employment agreement which promised a fixed monthly salary of $5,000.00 per month plus commission, or "referral payments," based on the value of contracts Plaintiff procured for Defendants.[1] (Am. Compl. ¶ 4, ECF No. 16.) In accordance with the agreement, Wagner began working for the Defendants in December 2014 "as a full time W-2 employee." (*Id.* ¶ 5.) In 2014, 2015, and 2016, Wagner received an IRS Form W-2 from the Defendants reflecting wages paid and commissions earned. (*Id.* ¶¶ 9-11.)

In 2016, Defendants allegedly began to pressure Wagner to become "a 1099 employee," or independent contractor. (*Id.* ¶ 6.) When Wagner refused, it is alleged that Defendants began to withhold his commission payments. (*Id.*) In August 2016, Defendants and Plaintiff entered into a Separation Agreement pursuant to which Defendants agreed to

---

[1] The Amended Complaint does not provide the name of Plaintiff's job title or describe his job duties with precision.

pay Plaintiff a "net" sum of $45,000.00 in three installments "in exchange for a non-solicitation agreement." (*Id.* ¶ 7.) Before Defendants made these payments, they allegedly misclassified Wagner as an independent contractor. (*Id.* ¶ 12.) Accordingly, Plaintiff received the sums owed under the Separation Agreement as "1099 pay" and was issued a Form 1099[2] which reflected the payments made pursuant to the Separation Agreement. (*Id.* ¶¶ 23, 34.) Defendants made this classification change without notifying Wagner or issuing him a Form W-9. (*Id.* ¶¶ 14, 17-18.) The Amended Complaint does not clearly indicate whether Wagner received a W-2 reflecting earnings from 2016 or whether all of his pay from that year was reported on a Form 1099.[3]

Plaintiff alleges that his misclassification resulted in economic losses. By classifying Wagner as an independent contractor, Defendants allegedly failed to pay taxes owed under the Federal Insurance Contributions Act ("FICA") and the Federal Unemployment Tax Act ("FUTA"). (*Id.* ¶¶ 13, 23-24.) Wagner was required to pay the Internal Revenue Service taxes in the amount of approximately $22,528.00 and was advised that he owed approximately $5,128.37 in taxes to the State of Maryland. (*Id.* ¶¶ 26-27.) Defendants have refused Wagner's demands to pay these amounts to him. (*Id.* ¶ 28.) Wagner also alleges that Defendants failed

---

[2] The Amended Complaint does not clearly indicate when the Defendant issued a 1099 or how many 1099s it issued. Plaintiff alleges that Defendants failed "to provide a copy of the 1099-MISC to Plaintiff by January 31, 2017," but also alludes to a "combined W-2 form and 1099 . . . issued to Plaintiff in 2016." (Am. Compl. ¶¶ 23-24.) The Amended Complaint also alleges that Defendants "submitted fraudulent tax information returns in the form of 1099s," implying that multiple Form 1099s were issued. (*Id.* ¶ 29.)

[3] The Amended Complaint alleges that "[i]n 2016, Plaintiff received a W-2 from the Defendants indicating total wage earnings of approximately $61,500.00, which included a $40,000.00 base salary and approximately $21,500.00 in commission." (Am. Compl. ¶ 11.) Plaintiff also alleges that he received a "combined W-2 form and 1099" in 2016. (*Id.* ¶ 24.) It is not clear whether the W-2 received in 2016 reflects wages earned during the year in which it was issued (2016) or wages earned in the prior year (2015).

3

to pay all commissions owed to him in 2016 and that "at least" $102,500.00 remains outstanding. (*Id.* ¶ 19.)

On January 18, 2019, Wagner filed a three-Count Complaint against Defendant Economy Corp. in this Court. (ECF No. 1.) After Defendants moved to dismiss (ECF No. 9), this Court granted the parties' Consent Motion for Leave to Amend Complaint (ECF Nos. 14, 15). An Amended Complaint was filed on May 31, 2019. (ECF No. 16.) On July 9, 2019, Defendants filed the presently pending Partial Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 20). Subsequently, on October 14, 2019, Defendants filed an Answer to the Amended Complaint and asserted Counterclaims against Wagner. (ECF No. 23). Wagner has filed an Answer to those Counterclaims. (ECF No. 26.)

## STANDARD OF REVIEW

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Supreme Court's opinions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "require that complaints in civil actions be alleged with greater specificity than previously was required." *Walters v. McMahen*, 684 F.3d 435, 439 (4th

Cir. 2012) (citation omitted).  In *Twombly*, the Supreme Court articulated "[t]wo working principles" that courts must employ when ruling on Rule 12(b)(6) motions to dismiss. *Iqbal*, 556 U.S. at 678.  First, while a court must accept as true the factual allegations contained in the complaint, the court is not so constrained when the factual allegations are conclusory or devoid of any reference to actual events. *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).  Moreover, a court need not accept any asserted legal conclusions drawn from the proffered facts. *Iqbal*, 556 U.S. at 678. (stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim); *see also Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012) ("Although we are constrained to take the facts in the light most favorable to the plaintiff, we need not accept legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." (internal quotation marks omitted)).

Second, a complaint must be dismissed if it does not allege "a plausible claim for relief." *Iqbal*, 556 U.S. at 679.  Although a "plaintiff need not plead the evidentiary standard for proving" her claim, she may no longer rely on the mere possibility that she could later establish her claim. *McCleary-Evans v. Maryland Department of Transportation, State Highway Administration*, 780 F.3d 582, 584 (4th Cir. 2015) (emphasis omitted) (discussing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002) in light of *Twombly* and *Iqbal*). Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.  While the plausibility requirement does not impose a "probability requirement," *id.* at 556, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

5

defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also Robertson v. Sea Pines Real Estate Cos.*, 679 F.3d 278, 291 (4th Cir. 2012) ("A complaint need not make a case against a defendant or *forecast evidence* sufficient to *prove* an element of the claim. It need only *allege facts* sufficient to *state* elements of the claim." (emphasis in original) (internal quotation marks and citation omitted)). In making this assessment, a court must "draw on its judicial experience and common sense" to determine whether the pleader has stated a plausible claim for relief. *Iqbal*, 556 U.S. at 679. "At bottom, a plaintiff must nudge [its] claims across the line from conceivable to plausible to resist dismissal." *Wag More Dogs, LLC*, 680 F.3d at 365 (internal quotation marks omitted).

## ANALYSIS

I.  **Willful Violations of 26 U.S.C. § 7434 (Count 1).**

Under Count 1 of the Amended Complaint, Plaintiff alleges that Defendants willfully violated 26 U.S.C. § 7434 by "underreporting and not paying Plaintiff's earned wages in the form of commissions earned" in the amount of $102,500.00 and by filing a "false and fraudulent 1099 form for wages earned under the Separation Agreement in order to save money and avoid paying payroll taxes." (Am. Compl. ¶¶ 37-38.) Defendants seek dismissal of this Count, arguing that 26 U.S.C. § 7434 does not permit recovery for these alleged misrepresentations.

Section 7434 provides that "[i]f any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return." The United States Court of Appeals for the Fourth Circuit has not had occasion to consider whether this

6

statute provides a cause of action arising from the misclassification of wages as reportable on a Form W-2 or 1099. Judge Russell of this Court has recently held that § 7434 "creates a private cause of action only where an information return is fraudulent with respect to the amount purportedly paid to the plaintiff." *Greenwald v. Regency Mgmt. Servs., LLC*, 372 F. Supp. 3d 266, 270 (D. Md. 2019) (quoting *Liverett v. Torres Advanced Enter. Sols. LLC*, 192 F. Supp. 3d 648, 653 (E.D. Va. 2016)). Under this reading of the statute, a Defendant may not be held liable for filing a 1099 instead of a W-2, so long as the amount reported is accurate. *Guerra v. Teixeira*, TDC-16-0618, 2018 WL 3756716, at *8 (D. Md. Aug. 8, 2018) (citing *Liverett*, 192 F. Supp. 3d at 655)).

In their filings, Plaintiff and Defendants rely on *Greenwald* for support. *Greenwald* recognized a narrow exception to the general rule that the filing of a 1099 instead of a W-2 is not actionable under § 7434. In that case, Judge Russell held that misclassifying employees may give rise to § 7434 liability if the misclassification causes the underreporting of paid wages. *Greenwald*, 372 F. Supp. 3d at 270-71. Plaintiffs in *Greenwald* alleged that they received an hourly wage plus commissions while employed as salespeople between 2015 and 2017. *Id.* at 268. During their employment, Defendants issued Plaintiffs W-2s for wages earned. *Id.* When their employment ended, Defendants paid Plaintiffs commissions owed via 1099 forms without deducting certain payroll taxes, thereby requiring Plaintiffs to pay additional taxes on their commissions. *Id.* Plaintiffs sued Defendants under § 7434, alleging that Defendants had misrepresented the amount of wages Plaintiffs earned on their W-2s in 2016 and 2017 by "underreporting wages and excluding any commission amounts that were paid to them" after their employment terminated. *Id.*

7

In deciding whether Plaintiffs had stated a claim under § 7434, Judge Russell first recited the rule of *Liverett* and *Guerra*: plaintiffs cannot prevail under § 7434 by merely alleging that they have been misclassified as independent contractors, or received the wrong type of information return. *Id.* at 270 (citations omitted). As this Court explained, however, Defendants in *Greenwald*, unlike in *Liverett* and *Guerra*, had allegedly misrepresented the amounts paid to their employees on their tax forms. *Id.* at 270. Specifically, Plaintiffs had alleged that the W-2s issued in 2016 and 2017 misrepresented their wages because they did not include the commission payments reported via Form 1099 after their employment ended. *Id.* This Court concluded that the Plaintiffs could state a claim under § 7434 because the amounts Defendants reported on the Plaintiffs' W-2s, 1099s, or both were allegedly "incorrect" insofar as they did not accurately report the total amounts paid to the Plaintiffs. *Id.* at 271.

In this case, Plaintiff's claims do not fall within the ambit of § 7434 because he has not sufficiently alleged that the amounts reported in his tax forms inaccurately recorded the amounts paid to him. Plaintiff's primary complaint is that the $45,000.00 owed under the Separation Agreement should have been reported on a Form W-2 rather than a 1099. On its face, this is a "misclassification" claim which cannot support a § 7434 action. Unlike in *Greenwald*, Plaintiff does not claim that his employer omitted commission payments from a W-2 and recorded these amounts separately on a Form 1099, rendering inaccurate the amounts reported on the W-2, the 1099, or both. There is no allegation that the issuance of a 1099 resulted in reporting the incorrect amount of money paid to the Plaintiff on an information return. For example, the Amended Complaint does not allege that Plaintiff received a W-2

reflecting wages earned in 2016 or that such a W-2 incorrectly reported the amount of wages paid to the Plaintiff because it omitted the amounts reported in the 1099 he received. Although Plaintiff alleges that he received a "combined W-2 form and 1099" in 2016, it is insufficiently clear whether both of these forms recorded payments from the same year, or whether the amounts reported in these forms were inaccurate. (Am. Compl. ¶ 24.) Having failed to allege that his information returns reported inaccurate payment amounts, a § 7434 claim is unavailable.[4]

Plaintiff's allegation that Defendants failed to pay him $102,500.00 in commissions also cannot support a claim under § 7434. Unlike in *Greenwald*, Defendants are not alleged to have reported "incorrect" amounts on a Form W-2 which failed to reflect commission payments which were *actually paid* and recorded in a Form 1099. *Greenwald*, 372 F. Supp. 3d at 271. Plaintiff's principal contention is that the Defendants owe him unpaid commission payments, not that Defendants inaccurately reported the commission payments Plaintiff received. Accordingly, Count 1 is DISMISSED.

## II. Negligence—Failure to Pay Commissions (Count 3).

Though nominally seeking recovery for the failure to pay commissions, Plaintiff embeds two negligence claims within Count 3. Plaintiff alleges that Defendants "had a duty to pay all of Plaintiff's owed wages as W-2 payments, less standard federal and state

---

[4] The parties dispute whether the amounts paid under the Separation Agreement constitute wages reportable on Form W-2. Plaintiff argues that this payment was reportable as wages on Form W-2 in part because the amounts were paid in exchange for Plaintiff's ongoing assistance after his formal separation. (ECF No. 21-3 at 7.) Defendants object that this allegation is absent from the Amended Complaint, represents an improper attempt to amend Plaintiff's pleadings, and is inconsistent with the terms of the Separation Agreement. (ECF No. 22 at 6-8.) The Court need not resolve this dispute, as dismissal is warranted on other grounds.

9

withholdings and deductions." (Am. Compl. ¶ 50.) Defendants allegedly breached this duty in two ways: first, by failing to pay Plaintiff his earned commissions; and second, by "failing to properly report income as W-2 income and not 1099 income." (*Id.* ¶ 51.) As to the first claim, Defendants aptly note that Maryland law does not recognize a cause of action for negligent failure to pay wages. As to the negligent reporting claim, Defendants assert that the alleged payments made to Plaintiff—his monthly wage, commissions, and Separation Agreement pay—were all reported on the appropriate information return. Alternatively, Defendants argue that § 7434 preempts Plaintiff's negligent reporting claim. This Court need not reach Defendants' latter arguments because neither negligence claim is valid under Maryland law.

Maryland law does not recognize a negligence claim arising from the failure to pay wages or improperly reporting income. Once again, *Greenwald* is instructive. In addition to their § 7434 claims, the Plaintiffs in *Greenwald* pled that Defendants were liable for "negligent issuance of owed wages." *Greenwald*, 372 F. Supp. 3d at 272. Specifically, Plaintiffs alleged that Defendants breached their duty to pay commissions "as W-2 payments, less standard federal and state withholdings and deductions" by issuing commission payments "as 1099 pay." (Am. Compl. ¶¶ 180-81, ECF No. 7, *Greenwald v. Regency Mgmt. Servs. LLC,* GLR-18-0227.) This Court dismissed the claim, holding that Maryland does not recognize a cause of action for negligent issuance of wages. *Greenwald*, 372 F. Supp. 3d at 273.

In the course of reaching its decision, this Court in *Greenwald* distinguished two Maryland authorities upon which Plaintiff in this case relies: *Jacques v. First Nat'l Bank of Md.*, 307 Md. 527, 515 A.2d 756 (1986) and *Shofer v. Stuart Hack Co.*, 324 Md. 92, 595 A.2d 1078

10

(1991). In *Jacques*, the Court of Appeals of Maryland upheld a negligence verdict entered against a bank for failing to properly process a loan application. As this Court observed, *Jacques* "did not recognize a cause of action for negligent issuance of owed wages" and imposed a duty of care based on special factors, including the plaintiff's "particularly vulnerable" position. *Greenwald*, 372 F. Supp. 3d at 273 (quoting *Jacques*, 515 A.2d at 762-63). This Court likewise found *Shofer* inapposite, as that case held in relevant part that the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, *et seq.*, did not preempt a state-law professional malpractice action based on a retirement plan consultant's failure to advise the plaintiff "of the income tax consequences of borrowing money from his retirement plan." *Greenwald*, 372 F. Supp. 3d at 273 (citing *Shofer*, 494 A.2d at 1080). Accordingly, neither *Jacques* nor *Shofer* support a negligence action based on the failure to pay wages or the misreporting of wages.

Plaintiff's negligence claim is exactly the sort that this Court rejected in *Greenwald*, and likewise must be dismissed. In this case, as in *Greenwald*, Plaintiff claims that Defendants had a duty to report all wages paid to him under Form W-2, and breached this duty by categorizing certain payments as 1099 pay. As *Greenwald* holds, Maryland law does not recognize a negligence cause of action arising from the misclassification of payments. Similarly, there is no Maryland authority upholding a negligence cause of action arising from the failure to pay wages. As this Court explained in *Greenwald*, the principal cases upon which Plaintiff relies—*Jacques* and *Shofer*—do not recognize Plaintiff's negligence theories. Accordingly, Plaintiff's negligence claims fail as a matter of law and Count 3 is DISMISSED.

### III. Nature of Dismissal.

Plaintiff seeks leave to amend his Complaint to correct any pleading deficiencies this Court identifies. As Plaintiff has not attached a proposed amendment, Plaintiff's request is best construed as a request for dismissal without prejudice. "The determination whether to dismiss with or without prejudice under Rule 12(b)(6) is within the discretion of the district court." *Weigel v. Maryland*, 950 F. Supp. 2d 811, 825 (D. Md. 2013) (citing *180s, Inc. v. Gordini U.S.A., Inc.*, 602 F. Supp. 2d 635, 638-39 (D. Md. 2009)). Dismissal with prejudice is appropriate where an amendment to the Complaint would be futile. *Cozzarelli v. Inspire Pharmaceuticals, Inc.*, 549 F.3d 618, 630 (4th Cir. 2008).

Plaintiff's § 7434 claims under Count 1 must be dismissed as a result of Plaintiff's failure to allege that the Defendants misrepresented the amounts paid to the Plaintiff on the information returns he received. Accordingly, Count 1 is DISMISSED WITHOUT PREJUDICE. Plaintiff's negligence theories under Count 3, however, fail not as the result of pleading deficiencies, but because they do not find support under Maryland law. Accordingly, Count 3 is DISMISSED WITH PREJUDICE.

## CONCLUSION

For the foregoing reasons, the Partial Motion to Dismiss (ECF No. 20) filed by Defendants Economy Rent-A-Car Corp. and Economy Rent-A-Car, Inc. is GRANTED. Count 1 (willful violations of 26 U.S.C. § 7434) is DISMISSED WITHOUT PREJUDICE and Count 3 (negligence—failure to pay commissions) is DISMISSED WITH PREJUDICE. Count 2 (violation of the MWPCA) and Count 4 (breach of contract) remain pending.

A separate Order follows.

Dated: March 3, 2020.

_____/s/_____
Richard D. Bennett
United States District Judge